# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1512V

| | |
|---|---|
| TERRY PITTS,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Special Master Horner<br><br>Filed: August 9, 2023<br><br>Reissued for Public Availability:<br>December 22, 2025 |

*Terry Pitts, Evanston, IL, pro se petitioner.*
*Leah V. Durant, Law Offices of Leah V. Durant, PLLC, Washington, D.C., former counsel for petitioner.*
*Camille M. Collett, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 28, 2018, Terry Pitts ("petitioner"), filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa, *et seq.* (2012).[2] Petitioner alleged he suffered a shoulder injury related to vaccine administration following receipt of an influenza vaccine on October 8, 2016. (ECF No. 1.) On March 10, 2023, petitioner's case was dismissed. (ECF No. 63.) At the time he filed his petition, petitioner was represented by Leah Durant of the Law Office of Leah V. Durant, PLLC. However, on May 2, 2022, counsel filed a motion to withdraw due to irreconcilable differences between attorney and client, which was granted. (ECF Nos. 50, 55.)

On May 5, 2022, petitioner filed an application for departing counsel's attorneys' fees and costs. (ECF No. 49 ("Fees App.").) Petitioner requests total attorneys' fees and costs in the amount of $60,365.66, representing $49,899.30 in attorneys' fees and $10,466.36 in costs. Fees App. at 1. Respondent responded to the motion on May 10, 2022, deferring to the special master in all respects. (ECF No. 51.) Petitioner filed a

---

[1] Pursuant to Vaccine Rule 18(b), this Decision was initially filed on August 9, 2023, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the court's website.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

reply on May 12, 2021.  (ECF No. 52.)  This matter is now ripe for consideration.

Section 15(e)(1) of the Vaccine Act allows the special master to award "reasonable attorneys' fees, and other costs."  Petitioners are entitled to an award of reasonable attorneys' fees and costs if they receive compensation under the Vaccine Act or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).  The evidentiary standard for establishing a reasonable basis as prerequisite to an award of attorneys' fees and costs is lower than the evidentiary standard for being awarded compensation under the Vaccine Act.  *See Woods v. Sec'y of Health & Human Servs.*, No. 10-377V, 2012 WL 4010485, at *6-7 (Fed. Cl. Spec. Mstr. Aug. 23, 2012).  To establish a reasonable basis for attorneys' fees, the petitioner need not prove a likelihood of success.  *See id.*  Instead, the special master considers the totality of the circumstances and evaluates objective evidence that, while amounting to less than a preponderance of evidence, constitutes "more than a mere scintilla" of evidence.  *Cottingham v. Sec'y of Health & Human Servs.*, 971 F.3d 1337, 1344, 1346 (Fed. Cir. 2020); *see also Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 287-91 (2018) (explaining that special masters must consider objective factors as part of the totality-of-the-circumstances analysis in determining whether a claim has a reasonable basis).

Regarding the amount of attorneys' fees and costs, the Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera*, 515 F.3d at 1347.  This is a two-step process.  *Id.* at 1347-48.  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.  It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1520-21 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  Special masters need not engage in a line-by-line analysis of petitioners' fee application.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).  Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended.  *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests[,] . . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  *Saxton*, 3 F.3d at 1521.

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e), I have concluded that, despite its ultimate dismissal, this case was filed in good faith and with a reasonable basis.  Specifically, the dismissal decision explains that *Althen* prong three

(the timing requirement) was dispositive under the preponderant evidence standard; however, I now conclude that petitioner's evidence on that point as described within the decision exceeds the lesser "more than a mere scintilla of evidence" standard. (ECF No. 63, pp. 18-19.) I have additionally reviewed the billing records and costs in this case and find that petitioner's request for fees and costs is reasonable. My review confirms that the fees and costs are sufficiently documented and, also, that the overall amount sought is reasonable given the nature of the case, counsel's performance, and the specific procedural history of the case. It should be noted that, although counsel withdrew prior to resolution of the case, counsel's withdrawal did not occur until litigation in the case was substantially complete. Specifically, by the time of counsel's withdrawal, the case dispositive motion for a ruling on the written record had already been fully briefed. Additionally, respondent does not object with respect to either the appropriateness or the amount of an award for attorneys' fees and costs.

**Accordingly, petitioner is awarded a lump sum of $60,365.66, representing reimbursement for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e), in the form of a check payable to petitioner and petitioner's former counsel, Leah Durant, Esq., of the Law Offices of Leah V. Durant, PLLC.**

The Secretary is directed to mail this check to Ms. Durant. The Clerk shall transmit this decision to Ms. Durant.

The Clerk of the Court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).